**UNITED STATES BANKRTUPCY COURT**
**FOR EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| In the Matter of | : | Debtor : |
| MIMI UPTON | : | |
|  | : | Case No. 15-10368-RGM |
|  | : | Chapter 7 |
| MI YOUNG CHUN | : | |
|          Plaintiff | : | |
| v. | : | Adv. Proceeding 15-01047 BFK |
| MIMI UPTON | : | |
|          Debtor/Defendant. | : | |

**ANSWER TO COMPLAINT FOR NONDISCHARGEABILITY**

The Defendant, by counsel, states the following in support of his Answer and Grounds of Defense

**PARTIES AND JURISDICTION**

1. The Defendant admits allegations in paragraph 1 of the Complaint.

2. The Defendant admits allegations in paragraph 2 of the Complaint.

3. The Defendant admits allegations in paragraph 3 of the Complaint.

4. The Defendant admits allegations in paragraph 4 of the Complaint.

**FACTS AND BACKGROUND**

5. The Defendant admits in part allegations in paragraph 5 of the Complaint that Plaintiff's cause of action arises out of a real property located in the South Korea. However the Defendant denies all other allegations in paragraph 5 of the Complaint since the Defendant never acted as the nominal Trustee with regard to the above real property.

6. The Defendant admits in part allegations in paragraph 6 of the Complaint that there were litigation surrounding the above real property before a Court in Seoul South Korea. The Defendant admits in part allegations in paragraph 6 of the Complaint that the case number was set as 2008-5541, the name of the Plaintiff was Mi Young Chun and the Defendant was Mi Ja Jeon. However, The Defendant denies all other allegations in paragraph 6 of the Complaint.

7. The Defendant denies the allegation in paragraph 7 of the Complaint since the Plaintiff sought a monetary Judgment, not an embezzlement.

8. The Defendant denies the allegation in paragraph 8 of the Complaint since the Judgment was entered for a payment of a certain amount of money.

9. The Defendant admits the allegation in paragraph 9 of the Complaint.

10. The Defendant admits the allegation in paragraph 10 of the Complaint.

11. The Defendant denies the allegation in paragraph 11 of the Complaint since the Judgment was entered for a payment of a certain amount of money.

12. The Defendant admits in part allegations in paragraph 12 of the Complaint that a Judgment was entered on or about March 19, 2010. The Defendant denies in part other allegations in paragraph 12 of the Complaint since the Judgment was entered for a payment of a certain amount of money. The Defendant also denies in part other allegations in paragraph 12 of the Complaint since there were only a Defendant and

2

there were no joint or several liabilities, and the appellate court simply ordered the appeal be denied without specifying a certain amount of the money regarding the Judgment.

13. The Defendant admits the allegation in paragraph 13 of the Complaint.

14. The Defendant admits the allegation in paragraph 14 of the Complaint so far as the Judgment speaks for itself. The Defendant denies the allegation in paragraph 14 of the Complaint in so long as the allegations conflict with the Fairfax Circuit Court Judgment.

15. The Defendant admits the allegation in paragraph 15 of the Complaint so far as the Judgment speaks for itself. The Defendant denies the allegation in paragraph 15 of the Complaint in so long as the allegations conflict with the Fairfax Circuit Court Judgment.

16. The Defendant denies the allegation in paragraph 16 of the Complaint since the Fairfax Circuit Court Judgment never stated nor indicated that that the Judgment in South Korea represented a debt for money obtained by false pretenses, false representations and actual fraud.

17. The Defendant denies the allegation in paragraph 17 of the Complaint since the Fairfax Circuit Court Judgment never stated nor indicated that the Judgment in South Korea represented a debt for fraud or defalcation while acting in a fiduciary capacity embezzlement, or larceny.

18. The Defendant denies the allegation in paragraph 18 of the Complaint since the Fairfax Circuit Court Judgment never stated nor indicated that the Judgment in South Korea represented a debt for willful or malicious injury by the Debtor

WHEREFORE, the Defendant prays that the Plaintiff:

1. That said Complaint be dismissed against the Defendant with prejudice;

2. For the costs of suit incurred herein; and

3. For such other and further relief as the court may deem just and proper.

                Respectfully submitted,

                On behalf of Defendant
                MIMI UPTON

                LAW OFFICE OF WEON G KIM

                /s/ Weon G. Kim
                Weon G. Kim (VSB#73104)
                8200 Greensboro Dr. Ste. 900
                McLean, VA 22102
                Jkkchadol99@gmail.com
                Tel (571) 278-3728
                Fax (703) 462-5459

**CERTIFICATE OF SERVICE**

  I hereby certify that, on this 15th day of April 2015, copies of the foregoing pleading Defense was served upon the name and at the address set forth below by USPS regular mail, email at Jeff@gross.com and/or through ECF.

                /s/ Weon G. Kim
                Weon G. Kim

Jeffrey S. Romanick
Counsel for Plaintiff
GROSS & ROMANICK, P.C.
3975 University Drive #410
Fairfax VA 22030-2520

Donald F. King Trustee
1775 Wiehle Avenue #400
Reston VA 20190