UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| IN Re: | ) | |
|     MIMI LUPTON | ) | Bankruptcy Case No. 15-10368-RGM |
| | ) | Chapter 7 |
|     Debtors. | ) | |
| | ) | |
| MI YOUNG CHUN | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | Adversary Proceeding No. 15-01047-RGM |
| | ) | |
| MIMI LUPTON | ) | |
| | ) | |
|     Debtor/Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Mi Young Chun ("Chun"), by counsel, and pursuant to 11 U.S.C. § 523, Fed. R. Bankr. P. 7056, and Fed. R. Civ. P. 56 hereby submits this Memorandum in support of its Motion for Summary Judgment against Defendant MiMi Lupton (hereinafter "Defendant" or "Debtor") stating to the Court as follows:

---

Jeffrey S. Romanick, VA Bar # 34761
A. Charles Dean, VA Bar # 74814
GROSS & ROMANICK, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030
(703) 273-1400 (telephone)
(703) 385-9652 (facsimile)
e-mail: jeff@gross.com

1

I.  **Preliminary Statement**

The undisputed facts demonstrate that Chun is entitled to summary judgment on her claim that the Fairfax County Circuit Court Judgment (as defined in Plaintiff's Complaint Objecting to Discharge of Debt and to Determine the Dischargeability of a Debt) is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and/or (a)(4) and/or (a)(6).

II. **Statement of Material Facts Not in Dispute**

1. On or about February 2, 2015, Defendant filed for relief pursuant to Chapter 7 of the Bankruptcy Code (the "Petition Date").

2. On or about January 30, 2009, the Seoul Northern District Court in the Republic of Korea entered Judgment against the Debtor and in favor of Plaintiff (hereinafter "Seoul District Court Judgment"). A copy of the Seoul District Court Judgment is attached hereto as Exhibit "A".

3. The Seoul District Court Judgment awarded money damages to Chun against the Debtor for "the loss of the plaintiff [Chun] by the embezzlement of the defendant [Debtor]" which was recognized to be 367,500,000 South Korean Won. *See*, Exhibit A at Page 5/7

4. The Debtor appealed the Seoul District Court Judgment to the Seoul High Court.

5. On or about March 19, 2010, the Seoul High Court rejected the Debtor's appeal and entered Judgment against the Debtor and in favor of Plaintiff (hereinafter "Seoul High Court Judgment"). (A copy of the Seoul High Court Judgment is attached hereto as Exhibit "B").

6. The Seoul High Court Judgment, like the Seoul District Court Judgment, awarded money damages to Chun against the Debtor for "the loss of the plaintiff [Chun] by the embezzlement of the defendant [Debtor]".

6. On December 4, 2014, Chun obtained a judgment in the Fairfax County Circuit Court recognizing and enforcing the Seoul High Court Judgment as if it was a judgment of the Fairfax County Circuit Court (hereinafter, "Fairfax Circuit Court Judgment"). A copy of the Fairfax Circuit Court Judgment is attached hereto as Exhibit "C".

7. The elements of embezzlement are the same under the laws of the Republic of Korea as they are in the Commonwealth of Virginia. *See*, Affidavit of Jaehyung Kim.

### III. Standard for Summary Judgment

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), whenever the moving party establishes there is no genuine issue of material fact to be resolved at trial, so that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Materiality is determined by the substantive law that governs the case. *Anderson v. Liberty, Inc.*, 477 U.S. 242, 2458 (1986). A genuine issue of material fact exists only if the non-moving party produces evidence which a reasonable trier of fact could find in its favor, viewing the record as a whole in light of the evidentiary burden on that party. *Id.* at 252-56. In the inquiry, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment. *Id.* at 248.

### IV. Argument

**A. Plaintiff is entitled to Summary Judgment because of the collateral estoppel effect of the Fairfax Circuit Court Judgment**

Collateral estoppel, commonly referred to as issue preclusion, bars re-litigation of issues actually litigated and necessarily decided between the same parties in a different cause of action.

3

*Brown v. Felsen*, 442 U.S. 127, 139 n.10, 99S.Ct. 2205, 2213, n.10, 60 L.Ed2d 767 (1979). The Supreme Court squarely held that collateral estoppel does apply to dischargeability litigation. *Grogan v. Garner*, 498 U.S. 279, 284 n.11, 111 S. Ct. 654, 658 n.11, 112 L.Ed.2d 755 (1991); *see also Combs v. Richardson*, 838 F.2d 112 (4th Cir. 1988). Under the doctrine of collateral estoppel, if a court has decided an issue of fact or law necessary to a judgment, the determination of that issue of fact or law is conclusive and may not be relitigated in a suit on a different cause of action that involves a party to the initial case against whom the doctrine is asserted where that party had a full and fair opportunity to litigate the issue in the previous case. *San Remo Hotel*, 545 U.S. at 336 fn.16 (citing *Allen*, 449 U.S. at 94); see also *Sedlack v. Braswell Servs. Group*, 134 F.3d 219, 224 (4th Cir. 1998). The doctrine of collateral estoppel requires the moving party to establish: (1) "the issue sought to be precluded is identical to one previously litigated;" (2) "the issue was actually determined in the prior proceeding;" (3) "the issue's determination was 'a critical and necessary part of the decision in the prior proceeding;" (4) "the prior judgment is final and valid;" and (5) "the party against whom collateral estoppel is asserted 'had a full and fair opportunity to litigate the issue in the previous forum.'" *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006)(quoting *Sedlack*, 134 F.3d at 224).

To evaluate the preclusive effect of a state court judgment, a federal court must apply the preclusion law of the state that rendered the judgment. See 28 U.S.C. § 1738; *Marrese v. American Acad. Of Orthopaedic Surgeons*, 470 U.S. 373, 381, 105 S. Ct. 1327, 1332, 84 L.Ed.2d 274 (1985); *Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17, 19 (4th Cir. 1997), *cert. denied*, 522 U.S. 914, 118 S. Ct. 298, 139 L.Ed.2d 230 (1997); *Hagan v. McNallen (In re McNallen)*, 62 F.3d 619, 624 (4th Cir. 1995); *Schriver v. Valley Stream Finan. Corp. (In re Schriver)*, 218 B.R. 797, 801 (E.D. Va. 1998);

4

*Hildebrand v. Kugler* (*In re Kugler*), 170 B.R. 291 (Bankr. E.D. VA. 1994). Although a judgment was initially rendered in the Republic of Korea, the Circuit Court of Fairfax County, Virginia has already determined that the Seoul High Court Judgment is entitled to recognition and is "conclusive between the parties ... in the same manner as a judgment" of the Circuit Court of Fairfax County. *See*, Exhibit C. The preclusive effect of a foreign country money judgment is controlled by state law. *See, e.g., Jaffe v. Accredited Sur. & Cas. Co.*, 294 F.3d 584 (4th Cir. 2002). Virginia Courts (specifically, the Circuit Court of Fairfax County), have already opined on the preclusive effect of the Seoul High Court Judgment, holding that it is entitled to the same preclusive effect as the judgment of a sister state. *See*, Exhibit C; Va. Code § 8.01-465.6, *et. seq.* This Honorable Court, pursuant to the Full Faith and Credit Act is obligated to afford the Seoul High Court Judgment the same recognition. 28 U.S.C. 1738; *See also, Alfadda v. Fenn*, 966 F.Supp. 1317 (S.D.N.Y. 1997).

The Fairfax Circuit Court Judgment was rendered in a Commonwealth of Virginia court. It was not appealed by the Defendant. It is a valid, final and binding order of the Commonwealth of Virginia. Therefore, Virginia law on collateral estoppel applies. In *TransDulles Center, Inc. v. Sharma*, 252 Va. 20, 472 S.E.2d 274 (1996), the Virginia Supreme Court stated: "Virginia law on collateral estoppel is clear. The doctrine 'precludes parties to a prior action and their privies from litigating in a subsequent action any factual issue that actually was litigated and was essential to a valid, final judgment in the prior action.'" See also, *Horton v. Morrison*, 248 Va. 304, 306, 448 S.E.2d 629, 630-31 (1994).

The factual issues necessary for this Court to determine whether the judgment set forth in the Fairfax Circuit Court Judgment is non-dischargeable pursuant to Sections 523(a)(2), 523(a)(4)

and 523(a)(6) were already litigated and determined in the Seoul High Court Judgment, adopted by the Fairfax County Circuit Court. Each of the elements necessary for this Bankruptcy Court to apply collateral estoppel is present. First the issues were previously litigated. Second, the issues were actually determined. Third, the issues determined were a critical and necessary part of the decision. Fourth, both the Seoul High Court Judgment and the Fairfax Circuit Court Judgment are final, binding and valid. Finally, the Defendant had a full and fair opportunity to litigate the issue in both the Seoul District Court Judgment and the Seoul High Court Judgment. The Defendant has been represented by counsel throughout the proceedings in the Republic of Korea and in the Fairfax County Circuit Court.

B.  **Debt is non-dischargeable pursuant to Section 523(a)(4).**

Section 523(a)(4) of the Bankruptcy Code provides that a debtor cannot be discharged from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Embezzlement has been defined as "the fraudulent misappropriation of property by a person to whom such property has been entrusted, or whose hands it has lawfully come." *Weigand v. Chwat (In re Chwat)*, 203 B.R. 242, 248 (Bankr. E.D. Va. 1996); see also *Hall v. Blanton (In re Blanton)*, 149 B.R. 393, 394 (Bankr. E.D. VA 1992); *Allman Wholesale Corp. v. Allman (In re Allman)*, 147 B.R. 122, 125 (Bankr. E.D. Va. 1992); *Clark v. Taylor (In re Taylor)*, 58 B.R. 849, 854 (Bankr. E.D. VA. 1986). The elements of embezzlement are "(1) debtor's appropriation of property for debtor's benefit, and (2) appropriation with fraudulent intent or by deceit." *Chwat*, 203 B.R. at 248. The Plaintiff must prove that the debtor acted with a fraudulent intent to embezzle. *Blanton*, 149 B.R. at 394; *Allman*, 147 B.R. at 125. Such intent, may be inferred both by proof of the debtor's actions and the overall surrounding circumstances. *Blanton*, 149 B.R. at 394; *Allman*, B.R. at 125.

The Seoul High Court expressly found that the Defendant engaged in embezzlement against the Plaintiff and awarded judgment on that basis. The elements of embezzlement under the law of the Republic of Korea are the same as the elements of embezzlement under Section 524(a)(4) of the Bankruptcy Code. *See*, Affidavit of Jaehyung Kim.

In granting judgment the Plaintiff, the Seoul High Court ruled on each of the elements necessary for this Court to conclude that Defendants committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, and/or larceny. Specifically the Court made the following determinations and conclusions which demonstrate that the debt owed to the Plaintiff was based upon Defendants obtaining money by fraud or defalcation while acting in a fiduciary capacity, embezzlement, and/or larceny: Property was transferred by the Plaintiff to the Defendant pursuant to some form of trust agreement; the Defendant then sold the property and transferred ownership of the property to new purchasers without paying Plaintiff the full purchase price; and that Defendant made the sale with the intent to deceive and defraud the Plaintiff. As a direct and proximate result of Defendant's action, the Plaintiff suffered economic harm in the amount of 367,000,000 South Korean Won plus 5% annual interest for the period December 13, 2005 to January 30, 2009 plus 20% annual interest from January 31, 2009 until the judgment is paid. The Fairfax County Circuit Court applied the U.S. Treasury Exchange Rate as of the date of the final judgment of the Seoul High Court and entered judgment against the Defendant in the amount of $324,846.24 plus 5% annual interest for the period December 13, 2005 to January 30, 2009 plus 20% annual interest from January 31, 2009 until the judgment is paid.

Accordingly, the Fairfax Circuit Court Judgment should be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) of the Bankruptcy Code.

WHEREFORE, Chun requests this Honorable Court enter an Order: (i) granting summary judgment in favor of Chun on her claim that the Fairfax County Circuit Court Judgment, incorporating the Seoul High Court Judgment and the debt reflected in the Seoul High Court Judgment be determined to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(4); (ii) awarding costs of the suit herein; and (iii) granting such other and further relief as this Court deems appropriate.

Respectfully Submitted,

MI YOUNG CHUN
By Counsel

Date: July 22, 2015

A. Charles Dean
Jeffrey S. Romanick VA Bar # 34761
A. Charles Dean, VA Bar # 74814
Counsel to Mi Young Chun
GROSS & ROMANICK, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030 -2520
(703) 273-1400 (telephone)
(703) 385-9652 (facsimile)
e-mail: adean@gross.com